IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05cr390

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>)<br>DANIEL LAMONT FEASTER (4) )<br>_____ ) | <u>ORDER</u> |

**THIS MATTER** is before the Court upon motion of the defendant for a reduction of sentence based on the retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine, (Doc. No. 383), and the government's response, (Doc. No. 384).

The defendant pled guilty to conspiring to possess more than 5 but fewer than 50 grams of cocaine base and more than 5 but fewer than 15 kilograms of cocaine with intent to distribute. (Doc. No. 293: Judgment at 1; Doc. No. 172: Plea Agreement at 1-2). The resulting offense level of 32 was decreased by 3 for accepting responsibility. (Presentence Report (PSR) at ¶ 32, 39). Combined with a criminal history category of III, the resulting advisory guideline range was 120 to 135 months.[1] The government moved for a downward departure pursuant to USSG §5K1.1 and 18 U.S.C. § 3553(e). (Doc. No. 284: Motion). After granting the motion, the Court sentenced the defendant to 70 months' imprisonment. (Doc. No. 293: Judgment at 2).

In determining whether the defendant is entitled to a further reduction under the recent amendments to the guidelines, the Court must calculate the guideline range as if the amendments had been in place at the time of sentencing. USSG §1B1.10(b)(1). If a statutory mandatory minimum exceeds the guideline range, the Court must use the statutorily required sentence as the

---

[1] The defendant's offense was subject to a mandatory minimum sentence of 10 years. 21 U.S.C. § 841(b)(1)(A)(ii).

starting point prior to considerations of departure. USSG §5G1.1(b); United States v. Pillow, 191 F.3d 403, 407 (4th Cir. 1999). No reduction in sentence is authorized under 18 U.S.C. § 3552(c)(2) when an amendment has no effect because a statutory mandatory minimum prevents lowering the guideline range. USSG §1B1.10, comment. (n.1(A)(ii)); United States v. Hood, 556 F.3d 226, 233 (4th Cir. 2009).

Here, the amended guidelines range remains trumped by the 120-month mandatory minimum sentence prior to considerations of departure. Therefore, the defendant is not entitled to relief.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: January 25, 2011

Robert J. Conrad, Jr.
Chief United States District Judge